TottbN J.,
delivered the opinion of the court.
Dick & Co. were holders of a note on James B. Powell and others, makers thereof, due August 28, 1839, for two thousand two hundred and eighty-one dollars.
They instituted suit thereon, against said makers, in the circuit court of ITaywood, May 31, 1841, and judgment was thereon rendered, October 10, 1842, for two thousand seven hundred and seven dollars.
*635 On tbe 5th September, 1842, said James B. Powell filed bis petition as a voluntary bankrupt in tbe district court, IT. S., at Jackson, under tbe general bankrupt law of August 19, 1841, and tbereon, by decree of said court, July 6, 1843, was discharged from all bis debts “ owing and contracted ” at tbe time of tbe presentation of said petition, and obtained bis certificate in pursuance thereof.
The plaintiffs caused an alias execution to issue, March 8, 1852, on their said judgment, it remaining unsatisfied, to be levied of tbe estate of said Powell, who tbereon by petition in tbe circuit court of Haywood, applied for a supersedeas, which was granted. At tbe return thereof, October 9, 1852, tbe plaintiffs’ motion to dismiss tbe petition in this behalf, was overruled, and tbe defendant’s motion to quash tbe execution sustained, and the execution, as to this defendant, quashed by tbe judgment of said court. Tbe plaintiffs appeal in error to this court.
Several questions are made by counsel for tbe plaintiffs in error.
First: That tbe court erred in refusing to dismiss tbe petition, because, it does not aver that tbe debt in question was not created by tbe debtor “ while acting in a fiduciary capacity,” and' Maples vs. Burnside, 1 Denio R., 334, is relied on.
Tbe certificate, fairly obtained, is a discharge from all debts owing by tbe bankrupt at tbe time of tbe prosecution of bis petition, except those contracted or incurred in a fiduciary capacity.” As to them it does not apply and is no discharge. The general rule is that all tbe debts are discharged, but it has an exception of a special class of debts. Now, the argu *636 ment is, that _ tlie bankrupt must state, by way of negative averment, that the debt is not of the excepted class. The certainty insisted upon is that which applies to pleas in abatement; that is, “certainty to a certain intent in every particular.” We are of opinion that in a case like this,' if the averments be certain to a “ common intent ” that is sufficient. It will be presumed in the absence of any averment to the contrary, that the debt falls under the general provision of the law, and not under an exception to it. Besides, upon principle, the averment and proof must bev made by him, who holds the affirmative; that is, the creditor must aver and prove that the debt is founded in a fiduciary obligation, and therefore, is not affected by the certificate. For, how can the debtor prove that it is not so founded, except by proving it to be' something else, from which the negative inference could be drawn ? Such proof would be irrelevant, except in defence, and to rebut the plaintiff’s proof.
We do not concur in the doctrine of the New York case, and consider that the petition, omitting the negative averment in question, was sufficient.
2. That the judgment being rendered after the presentation of the petition in bankruptcy, though before the final decree, is a new debt, to which the certificate does not apply. And in this connection, it is further argued, that as defendant failed, after filing his petition in bankruptcy, to make defense to the action, he is now precluded by the judgment rendered therein. Cases are cited to support these positions; Crouch vs. Gridley, 6 Hill’s R., 250; Thompson vs. Hewitt, 6 Hill’s R., 254; Kellogg vs. Schuyler, 2 Denio R., 74.
*637 So far as these cases go to support the plaintiff’s positions, we do not concur with them. We do not consider the judgment rendered on the note as a new debt. It is a new security given by the act of the law, for the same debt; and the old security, the note, is merged therein and extinguished. That is all. The debt secured by the note, was “owing” at the time the proceeding in bankruptcy was instituted; the judgment is founded upon that note, and not upon any new con-' tract or consideration. The case of Johnson vs. Fitzhugh, 3 Barbour’s Ch. R., 372, accords with this view of the subject, and is in conflict with the cases relied upon by the plaintiffs.
In the next place, it must- be clear that the bankrupt is not precluded by the judgment, unless by plea he could have prevented its recovery. But the institution and pendency of his suit in bankruptcy was no matter in bar to the creditor’s action for the debt, as the bankrupt might fail in his suit, and be defeated in his effort to obtain his certificate. Nothing short of the certificate could be good in bar, and that was not obtained until after the judgment was rendered; Lummus vs. Fairfield, 5 Mass. R., 250.
It is true, as we think, that the district court had jurisdiction to enjoin the plaintiffs, as creditors of the bankrupt, from proceeding further in their action upon the note; because, the suit in bankruptcy is a suit in equity, to which all the creditors of the bankrupt are to be considered as parties, and subject to such orders as it may be equitable to make in relation thereto; {vid. § 6.) Yet, the omission of the bankrupt to apply for the injunction, cannot affect the nature of the case; for, if it was a proper case for an injunction, it was the *638 duty of tbe plaintiffs, after notice of the suit in bankruptcy, to suspend further action without the necessity of legal restraint; and their failure to do so, was, in some sense, a wrong, from which they cannot be allowed to take any benefit.
Now, as to the effect of the certificate, it shall “be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are proveable under the act; ” subject, however, to be impeached for fraud, in the manner provided in the statute; § 4.
It is clear that the plaintiff’s debt was proveable under the act, and entitled gyro rata, to an interest in the assetts of the bankrupt’s estate. It is,-therefore, fully and completely discharged, in virtue of the final decree and certificate in bankruptcy. And the circumstance that the plaintiffs proceeded to judgment in their action upon the note, does not at all affect, or change the nature of the case; 3 Petersd. Ab., 897; Johnson vs. Fitzhugh, 3 Barbour’s Ch. R., 372.
.The result is, that the plaintiffs were not entitled to any execution upon their judgment, and the same was properly quashed.
Let the judgment be affirmed.